[Civ. No. 62913. Second Dist., Div. Five. Mar. 22, 1982.]

STANLEY KAIN, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE VENTURA JUDICIAL
DISTRICT OF VENTURA COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Swanson & Hart, Robert C. Swanson and David J. Hart for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Lisa B. Lench, Deputy Attorneys General, for Real Party in Interest and Respondent.

**OPINION**

**HINDIN, J.**[*]—This matter arises out of the prosecution of appellant, Stanley Kain, on 35 counts alleging various sex crimes committed against his natural daughter and his stepdaughter, both under the age of 14 years. The Ventura County District Attorney was the prosecutor in the criminal matter and that office had also been appointed, pursuant to Welfare and Institutions Code section 351, to represent Kain's children in a juvenile dependency action based on allegations of an unfit home (Welf. & Inst. Code, § 300, subd. (d)).

Kain filed a motion in the municipal court to disqualify the entire Ventura County District Attorney's office in the criminal prosecution,

---

[*]Assigned by the Chairperson of the Judicial Council.

on the basis of alleged bias and conflict of interest. That motion was denied, and Kain filed a petition for writ of mandate with the superior court seeking reversal of that order. This appeal followed the superior court's denial of Kain's petition.

On this appeal Kain contends:

■ 1. That the district attorney's dual representation of the minor children in the juvenile proceeding and of the state in the criminal proceeding produces a conflict of interest.

2. That the district attorney's representation of his daughters in the juvenile proceeding would restrict his right to discovery in the criminal action, and thus impinge upon his constitutional right to effective counsel and to confront witnesses against him.

Penal Code section 1424 provides in pertinent part: "The motion [to disqualify a district attorney from prosecuting a criminal case] shall not be granted unless it is shown by the evidence that a conflict of interest exists such as would render it unlikely that the defendant would receive a fair trial." In support of his recusal motion the only evidence of conflict of interest, other than the fact of the district attorney's dual representation, presented by Kain was as follows: In Kain's trial counsel's declaration in support of the motion, it is stated that Deputy Donald Coleman represented Kain's minor children in the juvenile proceeding. Deputy Matt Hardy was the prosecutor in the criminal case. Kain's counsel stated that when he discussed the possibility of requesting a continuance of the preliminary hearing with Mr. Hardy, the prosecutor indicated that he knew of the existence of the juvenile proceeding and requested that the preliminary hearing be set at a time within a few days of the juvenile court hearing for the benefit of the minor children who would be witnesses.

In *People v. Superior Court (Martin)* (1979) 98 Cal.App.3d 515 [159 Cal.Rptr. 625], a criminal defendant charged with the murder of his wife, who was the mother of his infant child, sought to recuse the district attorney because of an alleged conflict of interest based on the fact that the district attorney also represented the defendant's infant child in dependency proceedings in juvenile court. In that case, the court held that such dual representation on the part of the district attorney, standing alone, did not constitute a conflict of interest. Kain seeks

to distinguish *People* v. *Superior Court (Martin), supra,* on the ground that the minor children here are victims of the crime. That fact would not seem to heighten the potential for conflict of interest. Presumably Kain's children would appear as prosecution witnesses in the criminal proceeding. As was said by the court in *People* v. *Superior Court (Martin),* at page 521, "It is notable also that the Legislature perceived no real, or potential, or probable prosecutorial conflict of interest under circumstances as are here presented. In enacting Welfare and Institutions Code sections 351 and 681 calling for the juvenile court's appointment of the district attorney for a minor when its parent is 'charged in a pending criminal prosecution based upon unlawful acts *committed against the minor,*' it was palpably aware that the same district attorney would ordinarily, if not always, be simultaneously prosecuting the parent." (Italics added.)

The only other evidence presented by Kain is that relating to trial counsel's attempt to schedule the preliminary hearing and the dependency hearing within a few days of each other. The demonstration of a desire to arrange matters for the greater convenience of witnesses does not constitute evidence of a conflict of interest.

This case is in no way similar to *People* v. *Superior Court (Greer)* (1977) 19 Cal.3d 255 [137 Cal.Rptr. 476, 561 P.2d 1164]. In *Greer* two defendants, one the former wife of the victim, were charged with the murder of the son of a woman who was employed as a "discovery clerk" in the district attorney's office responsible for the prosecution of the case. The prosecution's theory of the case was that the murder arose out of a protracted dispute between the victim and his former wife about custody of their child. The victim's mother was very familiar with the dispute and was scheduled as a material witness for the prosecution. The conflict of interest found in *Greer* arose out of the district attorney's potential conflicting personal interest or personal emotional involvement because of outside influences which might prejudice the prosecutor against the accused. In the case before us, there is no evidence of anything other than the district attorney's normal professional involvement in this matter.

Kain argues that because of the district attorney's dual representation in the dependency and criminal proceedings, he will be denied his right to effective representation and to confront witnesses against him. This is so, according to Kain, because Rules of Professional Conduct,

rule 7-103, forbids his attorney from communicating with Kain's minor daughters who will be the main prosecution witnesses. Rule 7-103 provides as follows: "A member of the State Bar shall not communicate directly or indirectly with a party whom he knows to be represented by counsel upon a subject of controversy, without the express consent of such counsel." The short answer to this contention is that Kain's minor children are not parties in the criminal action, and the subject in controversy in the dependency proceedings is different from that involved in the criminal proceedings. Rule 7-103 presents no obstacle to Kain's attorney's ability to interview the victims in the criminal proceeding.

Kain also argues that the district attorney's dual representation might hamper his attorney's efforts to discover favorable defense evidence. He propounds the following hypothetical situation. Suppose that during the dependency hearings the children were to confide to the deputy district attorney representing them that they had perjured themselves on the stand. Kain complains that the district attorney's adherence to the attorney-client privilege would prevent the prosecutor in the criminal case from complying with Kain's constitutional right of discovery as to that matter. Kain has provided no evidence that the deputy district attorney who appeared in the dependency action actually has confidential information which is favorable to the defense. Such speculative contentions of conflict of interest cannot justify disqualification of a prosecutorial agency. (See *Deukmejian* v. *Superior Court* (1980) 110 Cal.App.3d 427, 437 [168 Cal.Rptr. 27].) And, in any case, no matter who represented the children in the dependency proceedings, if the children chose to assert the attorney-client privilege, their attorney would be barred from revealing their statements. Furthermore, the same result would obtain regardless of who represented the People in the criminal action.

■ The decision on a motion to recuse is entrusted to the discretion of the trial court, and its decision will be overturned only if that discretion is abused. (See *Chadwick* v. *Superior Court* (1980) 106 Cal.App. 3d 108, 115 [164 Cal.Rptr. 864]; *People* v. *Battin* (1978) 77 Cal.App. 3d 635, 671 [143 Cal.Rptr. 731, 95 A.L.R.3d 248].) Particular caution should be exercised when the request is that an entire prosecutorial office be recused. (See *Love* v. *Superior Court* (1980) 111 Cal.App.3d 367, 371 [168 Cal.Rptr. 577]; *People* v. *Superior Court (Martin), supra*, 98 Cal.App.3d 515, 519.)

The trial court did not abuse its discretion in denying Kain's motion to disqualify the Ventura County District Attorney's office, and the superior court properly denied Kain's petition for writ of mandate.

The order denying petition for writ of mandate is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 20, 1982. Kaus, J., did not participate therein. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.